UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DARON JONES, # 219406, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15-cv-360 |
| v. | ) ) | Honorable Paul L. Maloney |
| GRANT SAGE, et al., | ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) ) ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement on August 15, 2014, at the Bellamy Creek Correctional Facility (IBC). Plaintiff named two employees of the Michigan Department of Corrections (MDOC) as defendants: Corrections Officers Grant Sage and Jennett Rowland. Plaintiff alleges that, on the date in question, defendant Sage assaulted him in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. (Complaint at 3, ECF No. 1, PageID.3). He alleges that defendant Rowland violated his Eighth Amendment rights by failing to intervene on his behalf. (*Id.*). Plaintiff sues defendants in their individual and official capacities and seeks an award of damages. (*Id.* at 2, 4, PageID.2, 4).

The matter is before the Court on defendants' motion for summary judgment based on the affirmative defense provided by 42 U.S.C. §1997e(a). (ECF No. 13). Plaintiff opposes the motion. (ECF No. 18, 19).

For the reasons set forth herein, plaintiff's claims for damages against defendants in their official capacities will be dismissed with prejudice because they are barred by Eleventh Amendment immunity. Defendants' motion for summary judgment will be granted in part and denied in part. The motion will be granted as to defendant Rowland and plaintiff's claim for damages against defendant Rowland in her individual capacity will be dismissed without prejudice. The motion will be denied as to plaintiff's claim for damages against defendant Sage in his individual capacity.

A.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof

needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

    B.    <u>Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies</u>

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual

or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.  The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies.  The Supreme Court reiterated that "no unexhausted claim may be considered."  549 U.S. at 220.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.  *Jones v. Bock*, 549 U.S. at 218-19.  In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).  Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court.  548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).  The procedural bar does not apply where the State declines to enforce its own procedural rules.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[1] In *Sullivan v. Kasajaru*, 316 F. App'x 469 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

C.   Findings of Fact

The following facts are beyond genuine issue. Plaintiff filed his complaint on in this Court on April 3, 2015. On that date, plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC).

On August 21, 2014, IBC's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. IBC-14-08-2417-17Z. (ECF No. 19-1, PageID.81). Plaintiff alleged that had been assaulted on August 15, 2014, by Officer Sage. (*Id.*).

Plaintiff received a Step I grievance response. (ECF No. 19-1, PageID.82). The parties did not provide the Court with evidence related to an appeal of this Grievance to Step II. Plaintiff did not obtain a Step III decision on Grievance No. IBC-14-08-2417-17Z before he filed this lawsuit. He did not file and pursue through a Step III decision

---

[1] A copy of the policy directive is found in the record. *See* ECF No. 14-2, PageID.51-57.

-6-

any other grievance against defendants corresponding to the allegations made in his complaint.[2] (ECF No. 14-3, PageID.59-72).

On March 11, 2015, plaintiff sent a letter which is stamped as having been received by the MDOC on March 13, 2015. (ECF No. 19-1, PageID.87). In this letter, plaintiff claims to have mailed his Step III appeal for Grievance No. IBC-14-08-2417-17Z in September or October 2014 and he never received the MDOC's response.[3] (*Id.*). The MDOC's grievance report indicates that it received plaintiff's Step III grievance appeal on October 14, 2014. There is no evidence of a Step III response. (ECF No. 14-3, PageID.60).

Plaintiff filed Grievance No. IBC-14-08-2417-17Z on August 20, 2014. (ECF No. 19-1, PageID.81). There is no evidence of any written extension of the MDOC's 120-day deadline for completion of the grievance process. (Policy Directive 03.02.130 ¶ S, ECF No. 14-2, PageID.54). The MDOC's deadline for completion of the processing of this grievance through a Step III decision expired on December 18, 2014.

## Discussion

I.  **Eleventh Amendment Immunity**

---

[2] On September 30, 2014, the MDOC's Grievance and Appeals Section issued its Step III decision on plaintiff's Grievance No. IBC-14-08-2377-19f. (ECF No. 19-1, PageID.85). This was a grievance regarding personal property against Corrections Officer Simon. (*Id.* at PageID.86; *see* ECF No. 14-3, PageID.68-72). It is unrelated to any claim at issue in this case.

[3] Defendants did not object to this evidence. *See* FED. R. CIV. P. 56(c)(2). Any objection to the Court's consideration of the letter in connection with defendants' motion for summary judgment must be deemed waived.

Plaintiff's claim for damages against defendants in their official capacities are barred by Eleventh Amendment immunity.[4] The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to dismissal with prejudice of plaintiff's claims for monetary damages against them in their official capacities.

## II. Defendants' Motion for Summary Judgment

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Plaintiff did not file any grievance against defendant Rowland corresponding to the allegations in his complaint; much less did he pursue such a grievance through a

---

[4]Because it implicates important questions of federal court jurisdiction and federal-state comity, it is appropriate for the Court to raise the issue of Eleventh Amendment *sua sponte*. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (collecting cases); *see also Cady v. Arenac County*, 574 F.3d 334, 342-45 (6th Cir. 2009).

Step III decision before filing this lawsuit. Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not properly exhaust any claim against defendant Rowland and plaintiff's claim against her in her individual capacity will be dismissed without prejudice.

The motion for summary judgment will be denied as to plaintiff's claim for damages against defendant Sage in his individual capacity. It was defendant Sage's burden to present evidence sufficient to establish his entitlement to summary judgment on the affirmative defense. He elected not to file a reply brief or evidence undermining plaintiff's letter claiming that plaintiff pursued a Step III appeal of Grievance No. IBC-14-08-2417-17Z against defendant Sage and that the MDOC's Grievance and Appeals Section failed to provide a timely response. On the present record, defendant Sage has not carried his burden of providing evidence sufficient to enforce a procedural bar on plaintiff's Eight Amendment claim against him in his individual capacity. *See Reed-Bey v. Pramstaller*, 603 F.3d at 324-26.

## Conclusion

For the foregoing reasons, all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. Defendants' motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a) (ECF No. 13) will be granted in part and denied in part. The motion will be granted as to defendant Rowland and plaintiff's claim for damages against defendant Rowland in her individual capacity will

be dismissed without prejudice.  The motion will be denied as to plaintiff's claim for damages against defendant Sage in his individual capacity.


Dated: September 26, 2016        /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge