UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARON JONES, # 219406,

       Plaintiff,

v.

GRANT SAGE,

       Defendant.

Case No. 1:15-cv-360

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a former state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement on August 15, 2014, at the Bellamy Creek Correctional Facility (IBC). The defendant is IBC Corrections Officer Grant Sage.[1] Plaintiff alleges that, on August 15, 2014, defendant Sage used excessive force against him in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. Plaintiff seeks an award of damages against defendant in his individual capacity.[2]

---

[1] Defendant Sage is now retired. (Sage Aff. ¶ 1, ECF No. 46-9, PageID.373).

[2] All other claims have been dismissed. (ECF No. 26-27).

The matter is before the Court on defendants' motion for summary judgment.[3] (ECF No. 45). Plaintiff opposes the motion. (ECF No. 42, 43). For the reasons set forth herein, I recommend that defendant's motion for summary judgment be granted and that judgment be entered in his favor.

## Applicable Standards

A.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

---

[3]Defendant's earlier motion for summary judgment was dismissed without prejudice on March 24, 2017, because defendant failed to comply with the requirements of W.D. MICH. LCIVR 7.1(d). (ECF No. 44). Shortly thereafter, defendant re-filed his motion for summary judgment. (ECF No. 45). Plaintiff elected not to file any response to the current motion which has been pending since March 27, 2017. The materials that plaintiff filed in opposition to defendant's earlier motion are considered herein.

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

B. <u>Qualified Immunity</u>

Defendant argues that he is entitled to summary judgment on plaintiff's claim against him on the basis of qualified immunity. "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the

official [is] not entitled to qualified immunity.' " *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *see Estate of Hill v. Miracle*, 853 F.3d 306, 312 (6th Cir. 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that each defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the

plaintiff.'" *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016); *see Gardner v. Evans*, 811 F.3d 844, 846 (6th Cir. 2016); *see also Zuhl v. Haskins*, 652 F. App'x 358, 361(6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017) ("If a reasonable officer might not have known for certain that the conduct was unlawful--then the officer is immune from liability."); *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted); *Mitchell v. Schlabach*, 864 F.3d 416, 424 (6th Cir. 2017). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

-5-

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Shreve v. Franklin County, Ohio*, 743 F.3d 126, 134 (6th Cir. 2014); *T. S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). The burden applies to each claim that the plaintiff is asserting against a defendant. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

    C.    <u>Proposed Findings of Fact</u>

The following facts are beyond genuine issue. On August 15, 2014, plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC). Assault of a prison employee was among the criminal convictions forming the basis of plaintiff's incarceration. (ECF No. 46-2, PageID.318; Plf. Dep. at 15, ECF No. 46-3, PageID.329). Plaintiff testified that he had accumulated approximately one hundred prison misconducts, generally for disobeying direct orders, threatening behavior, and "a few assaults." (Plf. Dep. at 24, ECF No. 46-3, PageID.331).

On the morning of August 15, 2014, plaintiff was an inmate at the Bellamy Creek Correctional Facility (IBC). Plaintiff was observed bumping and threatening another inmate in the breakfast line. Corrections Officers Jennet Rowland and Grant Sage were called to escort plaintiff from housing unit 5 to a temporary segregation cell in housing unit 8. Plaintiff was upset. (Plf. Dep. at 12, ECF No. 46-3, PageID.328). He went from threatening to harm the other prisoner involved in the breakfast incident to threatening the escorting officers with physical harm. The video recording shows that during the escort on the main walkway between housing units plaintiff abruptly turned his face and shoulders towards Officer Sage and lunged at him. Plaintiff appeared to be ready to spit in Sage's face or deliver a head butt. The escorting officers used minimal force to protect themselves and guided plaintiff to the ground. (Rowland Aff. ¶¶ 3-7, ECF No. 46-4, PageID.336; Sage Aff. ¶¶ 3-8, ECF No. 46-9, PageID.374; video, ECF No. 37-7).

Officers Rowland and Sage regained control over plaintiff and got him back up on his feet. They walked a short distance before plaintiff made a second lunge at Officer Sage and once again appeared to be getting ready to spit on Sage or deliver a head butt. The video recording shows that officers used minimal force to bring plaintiff to the ground and regain control over him. (video, ECF No. 37-7; *see also* Rowland Aff. ¶¶ 3-7, ECF No. 46-4, PageID.336; Sage Aff. ¶¶ 9-10, ECF No. 46-9, PageID.375).

Other corrections officers arrived and provided assistance. Although plaintiff continued to make threats, he was escorted to housing unit 8 without further incident. (video, ECF No. 37-7; *see also* Rowland Aff. ¶ 10, ECF No. 46-4, PageID.337; Sage Aff.

¶¶ 11-12, ECF No. 46-9, PageID.375). Plaintiff incurred only minor abrasions. (ECF No. 46-2, PageID.310; Rowland Aff. ¶ 11, ECF No. 46-4, PageID.337).

Officer Sage and another officer filed Class I misconduct charges against plaintiff. (ECF No. 46-2, PageID.312-14; ECF No. 46-5, PageID.342-43). On August 26, 2014, a hearing officer conducted a hearing and found plaintiff guilty of the charged misconduct:

> Hearing officer finds the statement of the reporting staff member to be reliable, specific and credible. HO finds that the prisoner did state to officer, "You're a bitch. I'll be out soon and I won't have cuffs on then I'll beat your ass." These words express an intent to injure or physically abuse officer Sage, which is threatening behavior per PD 03.03.105. This was also witnessed by officer Rowland, who writes a corroborating statement. The prisoner admits in his written statement that he was "talking to Sage" and doesn't dispute that he was "running my mouth." This is consistent with the statements from officer Sage and officer Rowland. This charge is sustained.
>
> HO finds that the charged prisoner did physically resist and interfere with staff efforts to restrain him by turning his head and lunging toward the officer. The prisoner denies that he lunged at the officer. However, it is supported by officer Rowland who indicates that she heard the prisoner threaten officer Sage then lunge at him. This is further supported by the video of the incident which shows the prisoner turn his head and body toward the left, which is where officer Sage was located as he escorted the prisoner. PD 03.03.105 indicates that physical resistance and interference with the restraint process is assault and battery. The prisoner is found guilty of (008).
>
> HO finds the prisoner did state "when I get out I'm going to f___ Martin up he's a bitch." These words express an intent to injure or physically abuse officer Martin, which meets the criteria for threatening behavior per PD 03.03.105. The prisoner provides no defense to the allegations, either by hearing investigation or by attending the hearing and providing s statement. The staff members statement is detailed and persuasive. The prisoner is found guilty of (012).

(ECF No. 46-5, PageID.340-41). The hearing officer sentenced plaintiff to loss of privileges and detention for 20 days. (*Id.* at PageID.340).

On April 3, 2015, plaintiff filed this lawsuit. (ECF No. 1).

## Discussion

I. **Eighth Amendment**

Plaintiff alleges that defendant used excessive force against him in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id*.

Plaintiff's claim must be analyzed under the Supreme Court authority limiting the use of force against prisoners. The analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley* should be applied. *Hudson v.*

*McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.

In determining whether the use of force is malicious or sadistic, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins*, 559 U.S. at 37. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Plaintiff has not presented evidence upon which any rational trier of fact could find in his favor on either component of Eighth Amendment claims against defendant.

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See Leary v. Livingston County*, 528 F.3d 438, 445 (6th Cir. 2008); *see also Richmond v. Settles*, 450 F. App'x 448, 454 (6th Cir. 2011). To be sure, under *Hudson v. McMillian*, guards may not inflict an unjustified beating upon a prisoner and then seek to defend their actions by the lack of serious or life-threatening injuries. *See McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990). By the same token, if the objective component of the Eighth Amendment is to mean anything, it cannot be satisfied by a mere unwanted touching. *See Walters v. Corrections Corp. of Am.*, 119 F. App'x 190, 192-93 (10th Cir. 2004); *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237, at *1 (6th Cir. Jan.31, 1996) ("[N]ot every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights."). Plaintiff has not shown any serious deprivation. He twice resisted corrections officers while he was being escorted[4] and on both occasions he appeared to be ready to deliver a head butt or spit in Officer Sage's face. Plaintiff was twice taken to the ground as the officers tried to

---

[4]Plaintiff's argument that he was not resisting and that he was brutally thrown to the ground is untenable on the evidence presented, particularly the video evidence. The Supreme Court and the Sixth Circuit have recognized that the Court need not accept a party's characterization of events as true where, as here, it is blatantly contradicted by the video evidence. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007); Neal v. Melton, 453 F. App'x 572, 577 (6th Cir. 2011). Further, the arguments in the parties' briefs are not evidence. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

regain control. Plaintiff suffered, at most, minor injuries when he was subdued. This does not approach satisfying the objective component of an Eighth Amendment claim.

Plaintiff falls short of satisfying the subjective component of an Eighth Amendment claim. "In determining whether the use of force was wanton or unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321). The video evidence shows that defendant used minimal force in order to restrain plaintiff and protect himself. A far more forceful response would have been justified without violating the Eighth Amendment's Cruel and Unusual Punishments Clause. No reasonable trier of fact could find on the present record that defendant acted maliciously and sadistically for the purpose of causing plaintiff serious harm. *See Hudson*, 503 U.S. at 7.

## II. Qualified Immunity

I find that defendant is also entitled to summary judgment on the basis of qualified immunity. Plaintiff has not presented evidence sufficient to satisfy the first prong of the qualified immunity analysis for the reasons stated in the previous section.

The second prong of the qualified immunity analysis "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. at 198. It was plaintiff's burden to convince the Court that the law was clearly established when defendant acted on August 15, 2014. *See Arrington-Bey*

*v. City of Bedford Heights, Ohio*, 858 F.3d 988, 992-93 (6th Cir. 2017); *Hill v. Miracle*, 853 F.3d at 312, 316. Existing precedent "must have placed the . . . constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. at 551; *see Mitchell v. Schlabach*, 864 F.3d at 424-26.

Plaintiff's bare assertion that defendant "should not be allowed qualified immunity" (Plaintiff's Brief at 4, ECF No. 43, PageID.268) is not enough to carry his burden. The only case that plaintiff cites is *Santiago v. Ringle*, 734 F.3d 585 (6th Cir. 2013). (Plf. Brief at 4, ECF No. 43, PageID.268). *Santiago* did not involve any constitutional question regarding the application of force. It was an Ohio prisoner's claim based on perceived inadequacies in the medical care that he had received for a skin condition. The United States Court of Appeals for the Sixth Circuit affirmed a lower court's judgment granting the defendants' motion for summary judgment on plaintiff's claims that doctors had been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Suffice it to say that the *Santiago* case did not clearly establish the constitutional right that plaintiff claims defendant violated.

## **Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion for summary judgment (ECF No. 45) be granted and that judgment be entered in his favor.

Dated: August 31, 2017        /s/ Phillip J. Green
                                                      United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).